## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Ste. 410
Melville, New York 11747
(631) 247-0404

ATTORNEY OF RECORD:
    DAVID S. GREENHAUS, ESQ.
    NOEL P. TRIPP, ESQ.

------------------------------------------------------x

JOHN PAUL P. BALINGIT,

                                        Plaintiff,

        -against-

COMMUNITY NATIONAL BANK CORP.
and PRESTIGE EMPLOYEE
ADMINISTRATORS, INC.,

                                        Defendants.

------------------------------------------------------x

*VIA ECF*


Civil Action No.: CV 11-0440

Feuerstein, J.
Boyle, M.J.

TO:    FELIX Q. VINLUAN, ESQ.
       LAW OFFICE OF FELIX Q. VINLUAN
       *ATTORNEYS FOR PLAINTIFF*
       450 Seventh Ave., Ste. 931
       New York, NY 10123
       (212) 643-2692

## DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants, Community National Bank[1] and Prestige Employee Administrators,

Inc. ("Prestige"), by and through their undersigned counsel, hereby respond to the allegations in

Plaintiff's Complaint as follows:

---

[1]    Incorrectly sued as Community National Bank Corp.

## AS TO "INTRODUCTION"

1.     Defendants deny the allegations contained in paragraph "1" of Plaintiff's Complaint.

2.     Defendants admit Plaintiff purports to seek the relief set forth in paragraph "2" of Plaintiff's Complaint, but deny Plaintiff is entitled to this or any relief.

## AS TO "JURISDICTION AND VENUE"

3.     Defendants deny any factual allegations in paragraph "3", except admit that Plaintiff attempts to invoke this Court's jurisdiction pursuant to the statutes cited.

4.     Defendants deny any factual allegations in paragraph "4", except admit that Plaintiff attempts to invoke this Court's jurisdiction pursuant to the statute cited.

5.     Defendants deny any factual allegations in paragraph "5" of the Complaint or that declaratory or injunctive relief is warranted or appropriate in this case, except admit that this Court has power to issue declaratory and injunctive relief pursuant to the statutes cited.

6.     Defendants admit the location of their "headquarters" and that this Court generally has personal jurisdiction over them, but deny any other factual allegations in paragraph "6" of the Complaint.

7.     Defendants deny any factual allegations in paragraph "7", except admit that venue property lies in this District.

## AS TO "THE PARTIES"

8.     Defendants admit the allegations contained in paragraph "8" of Plaintiff's Complaint, but deny knowledge as to Plaintiff's residence.

9.     Defendants admit that Community National Bank does business in the State of New York and that its principal executive office is in Nassau County, New York, but otherwise deny the allegations contained in paragraph "9" of Plaintiff's Complaint.

10.     The allegations contained in paragraph "10" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "10" of Plaintiff's Complaint.

11.     The allegations contained in paragraph "11" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "11" of Plaintiff's Complaint.

12.     Defendants admit the allegations contained in paragraph "12" of Plaintiff's Complaint, except deny that Prestige's principal executive office is in Nassau County, New York.

13.     The allegations contained in paragraph "13" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "13" of Plaintiff's Complaint.

14.     The allegations contained in paragraph "14" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "14" of Plaintiff's Complaint.

15.     Defendants admit the allegations contained in paragraph "15" of Plaintiff's Complaint.

16.     The allegations contained in paragraph "16" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent

a response is required, Defendants deny the allegations set forth in paragraph "16" of Plaintiff's Complaint, but aver that Prestige issues Plaintiff his paycheck.

## AS TO "FACTUAL ALLEGATIONS"

17.    Defendants admit the allegations contained in paragraph "17" of Plaintiff's Complaint.

18.    The allegations contained in paragraph "18" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "18" of Plaintiff's Complaint.

19.    The allegations contained in paragraph "19" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "19" of Plaintiff's Complaint.

20.    The allegations contained in paragraph "20" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "20" of Plaintiff's Complaint.

21.    Defendants admit that in one or more weeks during his employment he worked in excess of forty (40) hours.

22.    Defendants deny the allegations contained in paragraph "22" of Plaintiff's Complaint.

23.    The allegations contained in paragraph "23" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent

a response is required, Defendants deny the allegations set forth in paragraph "23" of Plaintiff's Complaint.

24.     Defendants deny the allegations contained in paragraph "24" of Plaintiff's Complaint, but aver that Plaintiff is paid on a salary basis in conformity with applicable law.

25.     Defendants deny the allegations contained in paragraph "25" of Plaintiff's Complaint.

26.     Defendants deny the allegations contained in paragraph "26" of Plaintiff's Complaint.

27.     Defendants deny the allegations contained in paragraph "27" of Plaintiff's Complaint.

28.     Defendants deny the allegations contained in paragraph "28" of Plaintiff's Complaint.

29.     Defendants deny the allegations contained in paragraph "29" of Plaintiff's Complaint.

30.     Defendants deny the allegations contained in paragraph "30" of Plaintiff's Complaint.

31.     Defendants deny the allegations contained in paragraph "31" of Plaintiff's Complaint.

32.     Defendants deny the allegations contained in paragraph "32" of Plaintiff's Complaint.

33.     Defendants admit that Plaintiff's acting job title was changed to Electronic Banking Administrator after his 2008 performance review, but otherwise deny the allegations contained in paragraph "33" of Plaintiff's Complaint.

34.     Defendants deny the allegations contained in paragraph "34" of Plaintiff's Complaint.

35.     Defendants deny the allegations contained in paragraph "35" of Plaintiff's Complaint.

36.     Defendants deny the allegations contained in paragraph "36" of Plaintiff's Complaint.

37.     Defendants deny the allegations contained in paragraph "37" of Plaintiff's Complaint.

38.     Defendants deny the allegations contained in paragraph "38" of Plaintiff's Complaint.

39.     Defendants deny the allegations contained in paragraph "39" of Plaintiff's Complaint.

## AS TO "FIRST CAUSE OF ACTION
### FLSA, 29 U.S.C. 201 et seq.:  Unlawful Failure to Pay Required Overtime"

40.     Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs "1" through "39" of Plaintiff's Complaint, as though set forth fully herein, in response to paragraph "40."

41.     The allegations contained in paragraph "41" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "41" of Plaintiff's Complaint.

42.     The allegations contained in paragraph "42" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent

a response is required, Defendants deny the allegations set forth in paragraph "42" of Plaintiff's Complaint.

43.     Defendants deny the allegations contained in paragraph "43" of Plaintiff's Complaint.

44.     Defendants deny the allegations contained in paragraph "44" of Plaintiff's Complaint.

45.     Defendants deny the allegations contained in paragraph "45" of Plaintiff's Complaint.

46.     The allegations contained in paragraph "46" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "46" of Plaintiff's Complaint.

47.     The allegations contained in paragraph "47" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "47" of Plaintiff's Complaint.

48.     The allegations contained in paragraph "48" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "48" of Plaintiff's Complaint.

49.     Defendants admit that Plaintiff purports to seek recovery, as set forth in paragraph "49" of Plaintiff's complaint, but deny he is entitled to this or any other relief.

50.     Defendants admit that Plaintiff purports to seek recovery, as set forth in paragraph "50" of Plaintiff's complaint, but deny he is entitled to this or any other relief.

## AS TO "SECOND CAUSE OF ACTION
## NY Labor Law:  Unpaid Overtime Wages"

51.     Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs "1" through "50" of Plaintiff's Complaint, as though set forth fully herein, in response to paragraph "51."

52.     The allegations contained in paragraph "52" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "52" of Plaintiff's Complaint.

53.     The allegations contained in paragraph "53" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "53" of Plaintiff's Complaint.

54.     Defendants deny the allegations contained in paragraph "54" of Plaintiff's Complaint.

55.     The allegations contained in paragraph "55" of Plaintiff's Complaint represent legal conclusions and not assertions of fact and thus require no response.  To the extent a response is required, Defendants deny the allegations set forth in paragraph "55" of Plaintiff's Complaint.

56.     Defendants deny the allegations contained in paragraph "56" of Plaintiff's Complaint.

## AS TO "THIRD CAUSE OF ACTION
### Retaliation:  NY Labor Law 215"

57.     Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs "1" through "56" of Plaintiff's Complaint, as though set forth fully herein, in response to paragraph "57."

58.     Defendants deny the allegations contained in paragraph "58" of Plaintiff's Complaint.

59.     Defendants deny the allegations contained in paragraph "59" of Plaintiff's Complaint.

## AS TO "FOURTH CAUSE OF ACTION
### Intentional Infliction of Emotional Distress"

60.     Defendants repeat, reiterate and reallege each and every denial, admission or other response to the allegations contained in paragraphs "1" through "59" of Plaintiff's Complaint, as though set forth fully herein, in response to paragraph "60."

61.     Defendants neither admit nor deny the allegations contained in paragraph "61" of Plaintiff's Complaint, as they are subject to a pending motion to dismiss, served upon opposing counsel on April 26, 2011.

62.     Defendants neither admit nor deny the allegations contained in paragraph "62" of Plaintiff's Complaint, as they are subject to a pending motion to dismiss, served upon opposing counsel on April 26, 2011.

63.     Defendants neither admit nor deny the allegations contained in paragraph "63" of Plaintiff's Complaint, as they are subject to a pending motion to dismiss, served upon opposing counsel on April 26, 2011.

64.     Defendants neither admit nor deny the allegations contained in paragraph "64" of Plaintiff's Complaint, as they are subject to a pending motion to dismiss, served upon opposing counsel on April 26, 2011.

65.     Defendants neither admit nor deny the allegations contained in paragraph "65" of Plaintiff's Complaint, as they are subject to a pending motion to dismiss, served upon opposing counsel on April 26, 2011.

66.     Defendants neither admit nor deny the allegations contained in paragraph "66" of Plaintiff's Complaint, as they are subject to a pending motion to dismiss, filed served upon opposing counsel on April 26, 2011.

67.     Defendants neither admit nor deny the allegations contained in paragraph "67" of Plaintiff's Complaint, as they are subject to a pending motion to dismiss, served upon opposing counsel on April 26, 2011.

68.     Defendants neither admit nor deny the allegations contained in paragraph "68" of Plaintiff's Complaint, as they are subject to a pending motion to dismiss, served upon opposing counsel on April 26, 2011.

69.     Defendants neither admit nor deny the allegations contained in paragraph "69" of Plaintiff's Complaint, as they are subject to a pending motion to dismiss, served upon opposing counsel on April 26, 2011.

## AS TO "PRAYER FOR RELIEF"

70.     Defendants deny all statements and allegations contained therein, including any claim for relief set forth in the "WHEREFORE" clause, including sub-paragraphs A. through F.

## AS TO "JURY DEMAND"

71.    Defendants admit that Plaintiff purports to demand a trial by jury, but deny that Plaintiff is entitled to a jury trial as he knowingly waived any such right when he commenced employment with Defendants.

## ADDITIONAL AVERMENTS

72.    Defendants deny all claims and allegations not unequivocally admitted herein.

Without assuming the burden of proof as to any of the following defenses where the law does not impose such burden on Defendants, Defendants assert the following defenses:

## AS AND FOR A FIRST DEFENSE

73.    Plaintiff fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND DEFENSE

74.    Plaintiff's claims are barred, in whole or in part, by the applicable limitations period.

## AS AND FOR A THIRD DEFENSE

75.    Plaintiff's claims are barred, in whole or in part, by the de minimus doctrine.

## AS AND FOR A FOURTH DEFENSE

76.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or other equitable defenses.

## AS AND FOR A FIFTH DEFENSE

77.    The Complaint is barred, in whole or in part, pursuant, inter alia, to the Portal-to-Portal Act and the FLSA.

11

## AS AND FOR A SIXTH DEFENSE

78.    Plaintiff's claims are barred in whole or in part, because he is exempt under §213(a)(1) of the FLSA.

## AS AND FOR A SEVENTH DEFENSE

79.    Plaintiff's claims are barred, in whole or in part, because Defendants maintain a policy which satisfies the requirements of 29 C.F.R. 541.603(d).

## AS AND FOR AN EIGHTH DEFENSE

80.    Plaintiff's claims for damages are barred or limited by Defendants' good faith efforts to comply with applicable law.

## AS AND FOR A NINTH DEFENSE

81.    Payments to Plaintiff were made in good faith and in conformity with and in reliance on an administrative regulation, order, ruling, approval, interpretation, administrative practice, and/or enforcement policy of the United States Department of Labor.

## AS AND FOR A TENTH DEFENSE

82.    Plaintiff's claims are barred or should be reduced, in whole or in part, by exclusions, exceptions, credits, recoupment or offsets permissible under the FLSA and the New York Labor Law.

## AS AND FOR AN ELEVENTH DEFENSE

83.    Plaintiff cannot establish a willful violation under the FLSA or the New York Labor Law.

## AS AND FOR A TWELFTH DEFENSE

84.    Plaintiff's Complaint fails to state a claim upon which either pre-judgment or post-judgment interest or attorneys' fees may be awarded.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

85.     The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

86.     To the extent that Plaintiff has failed to mitigate his alleged damages, any relief awarded upon his claims must be reduced, in whole or in part, due to his failure to make diligent and good faith efforts to mitigate his alleged damages.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

87.     The Complaint should be dismissed because any and all actions taken by Defendants with regard to his employment, or the terms and conditions thereof, were based on legitimate, non-discriminatory business reasons that would have been taken regardless of any legally protected personal characteristic or leave status of Plaintiff.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

88.     Plaintiff's claims are barred, in whole or part, because any qualification standard or selection criteria used by Defendants was job related and consistent with business necessity.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

89.     To the extent that Plaintiff's Complaint, or any purported cause of action alleged therein, alleges, *inter alia*, emotional or physical injury, this Court lacks jurisdiction, and any recovery is barred, by the exclusive remedy provision set forth in the Worker's Compensation Law.

## AS AND FOR AN EIGHTEENTH AFFIRMATIVE DEFENSE

In addition to the foregoing defenses, Defendants retain the right to amend its Answer to raise additional affirmative and other defenses or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendants request that the Court:

a)    dismiss with prejudice Plaintiff's Complaint;

b)    deny each and every demand, claim and prayer for relief contained in Plaintiff's Complaint;

c)    award to Defendants reimbursement for its costs, including attorneys' fees; and,

d)    grant such other and further relief as the Court deems just and proper.

Dated: Melville, New York
       April 26, 2011

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Rd., Ste. 410
Melville, New York  11747
(631) 247-0404

By:    _____
       DAVID S. GREENHAUS, ESQ.
       NOEL P. TRIPP, ESQ.

14

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2011, Defendants' Answer To Plaintiff's Complaint was electronically filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, the Eastern District's Local Rules, and the Eastern District's Rules on Electronic Service upon the following parties and participants:

FELIX Q. VINLUAN, ESQ.
LAW OFFICE OF FELIX Q. VINLUAN
ATTORNEYS FOR PLAINTIFF
450 Seventh Ave., Ste. 931
New York, NY  10123

DAVID S. GREENHAUS, ESQ.

4828-9667-9944, v. 1

15