UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Ste. 410
Melville, New York  11747
(631) 247-0404

ATTORNEY OF RECORD:
    DAVID S. GREENHAUS, ESQ.
    NOEL P. TRIPP, ESQ.

-----------------------------------------------------------X

JOHN PAUL P. BALINGIT,

                            Plaintiff,

          -against-

COMMUNITY NATIONAL BANK CORP.
and PRESTIGE EMPLOYEE
ADMINISTRATORS, INC.,

                        Defendants.

-----------------------------------------------------------X

Civil Action No.: CV 11-0440

Feuerstein, J.
Boyle, M.J.

TO:    FELIX Q. VINLUAN, ESQ.
        LAW OFFICE OF FELIX Q. VINLUAN
        *ATTORNEYS FOR PLAINTIFF*
        450 Seventh Ave., Ste. 931
        New York, NY  10123
        (212) 643-2692

### AFFIRMATION OF DAVID S. GREENHAUS IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT

        I, **DAVID S. GREENHAUS**, an attorney admitted to practice law before the Courts of the State of New York hereby affirm, under penalty of perjury, as follows:

1. I am a member of the firm of Jackson Lewis LLP, counsel for Defendants. As such, I am fully familiar with the facts and proceedings herein. I submit this Affidavit in support of Defendants' Motion for Partial Dismissal of the Complaint.

2. A true and correct copy of the <u>Complaint</u>, filed on January 28, 2011, is attached as Exhibit A.

WHEREFORE, it is respectfully requested that the Court grant Defendants' motion for partial dismissal of the Complaint, and dismiss the Fourth Cause of Action, in its entirety, with prejudice.

_____
DAVID S. GREENHAUS

4838-3958-6569, v. 1

# EXHIBIT A

SUMMONS ISSUED

LAW OFFICE OF FELIX Q. VINLUAN
Felix Q. Vinluan (FV6788)
450 Seventh Avenue, Suite 931
New York, NY 10123
Tel. No. 212-643-2692
Fax No. 212-643-3494
*Attorneys for the Plaintiff*



FILED
IN CLERK'S OFFICE
... N Y
J... 2...
BROOKLYN OFFICE

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

JOHN PAUL P. BALINGIT,
            *Plaintiff,*

- against -

COMMUNITY NATIONAL
BANK CORP. and PRESTIGE
EMPLOYEE ADMINISTRATORS,
INC.,
            *Defendants.*

-----------------------------------------------------------------x

CV11-0440
Docket No. 11-c
COMPLAINT

Trial by Jury Demanded

FEUERSTEIN, J.

BOYLE, M.J.

      Plaintiff JOHN PAUL P. BALINGIT, by his attorneys, the Law Office of Felix Q. Vinluan, alleges, upon personal knowledge as to himself, and upon information and belief as to other matters, as follows:

## INTRODUCTION

    1.    This case arises out of Defendants' unlawful treatment of the Plaintiff in wrongfully classifying him as exempt from overtime compensation under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.* and New York Labor Law Article 19, sec. 650 *et seq.*

1

2. Plaintiffs seek injunctive and declaratory relief, damages, and other legal and equitable relief pursuant to the New York Labor Law and common laws of the State of New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. 1331. In addition, the Court has jurisdiction under FLSA pursuant to 29 U.S.C. 216(b).

4. The Court has supplemental jurisdiction over Plaintiffs' New York State Labor Law and common law claims pursuant to 28 U.S.C. 1367.

5. Plaintiffs' action for declaratory and injunctive relief is authorized by 28 U.S.C. 2201 and 2202.

6. The Eastern District has personal jurisdiction over Defendant Community National Bank ("Bank") because the Bank is headquartered at 200 Middle Neck Road, Great Neck, NY 11022, and likewise over Defendant Prestige Employee Administrators, Inc. ("PEO") because the PEO is headquartered at 538 Broadhollow Road, Suite 311, Melville, NY 11747. Furthermore, the acts complained of occurred in this State and in this District and gave rise to the claims alleged herein.

7. Venue is proper in this District under 28 U.S.C. 1391 (b) because Defendants reside in this District and because a substantial part of the events giving rise to the claims occurred in this District.

## THE PARTIES

8. Plaintiff JOHN PAUL P. BALINGIT is an adult male individual who resides in Nassau County, State of New York, and is presently an employee of Defendant Bank, as the term "employee" is defined in 29 U.S.C. 203(b).

9. At all times relevant to this action, Defendant COMMUNITY NATIONAL BANK CORP. ("Bank") was, upon information and belief, a domestic for-profit corporation created pursuant to the laws of the state of New York and doing business in the state of New York. Its principal executive office is at Nassau County, New York.

10. Defendant Bank, at all times relevant hereto, is an "employer" as that term is defined in 29 U.S.C. 203(d).

11. Defendant Bank, at all times relevant hereto, is an enterprise engaged in commerce or in the production of goods for commerce as that term is defined in the FLSA, 29 U.S.C. 203(s).

12. At all times relevant to this action, Defendant PRESTIGE EMPLOYEE ADMINISTRATORS, INC. ("PEO") was, upon information and belief, a domestic for-profit corporation created pursuant to the laws of the state of New York and doing business in the state of New York. Its principal executive office is at Nassau County, New York.

13. Defendant PEO, at all times relevant hereto, is an "employer" as that term is defined in 29 U.S.C. 203(d). Upon information and belief, it is a "professional employer organization" as that term is defined in New York Labor Law §916.

3

14. Defendant PEO, at all times relevant hereto, is an enterprise engaged in commerce or in the production of goods for commerce as that term is defined in the FLSA, 29 U.S.C. 203(s).

15. Upon information and belief, Defendants Bank and PEO had entered into a professional employer agreement whereby Defendant PEO would provide human resources services to Defendant Bank, and whereby the Bank's employees are leased back to it by Defendant PEO.

16. Upon information and belief, Defendants Bank and PEO are joint employers of the Plaintiff. Likewise upon information and belief, Defendant PEO issues Plaintiff his compensation checks.

## FACTUAL ALLEGATIONS

17. Defendant Bank hired and employed the services of Plaintiff as an Operations Assistant starting on April 18, 2005.

18. The primary job duty of Plaintiff was and continues to be as an IT Help Desk customer service employee, "troubleshooting" and repairing computer-related and phone-related problems by employees, and monitoring and documenting network performance. He likewise sets up computers and passwords for new employees, and installs software updates and patches.

19. Plaintiff performed and continues to perform non-exempt duties for the Defendants from his date of hire. He does not customarily and regularly exercise discretion and independent judgment in the performance of his IT duties.

4

20. Defendants Bank and PEO unlawfully classified, and continue to unlawfully classify Plaintiff as exempt from overtime payments under federal and State laws, despite the fact that he is not exempt.

21. Plaintiff worked in excess of forty (40) hours per week or overtime hours, as defined by the applicable federal and State Laws, in one or more weeks during his employment with the Defendants.

22. During a typical or average workweek, Plaintiff would arrive at work at 9:00 a.m. and would leave between 8:00 and 9:00 p.m. He frequently gets phone calls on week-ends to trouble-shoot computer-related problems of the Bank.

23. Plaintiff is and has been entitled to premium compensation at one and one-half times the regular hourly rate ("overtime compensation") for those hours, and at twice the regular hourly rate for some overtime hours.

24. Plaintiff is paid on a salary basis and is not paid for any overtime hours worked in excess of forty (40) hours in any workweek.

25. Defendants Bank and PEO have willfully refused to pay Plaintiff the required overtime compensation for overtime hours worked, and have failed to keep time records as required by law.

26. Plaintiff has no authority to alter any Bank policy, practice or procedure relating to the performance of his duties as an IT support specialist. Plaintiff is required to rigidly follow all production standards set by the Bank and orders issued by his supervisors.

27. Plaintiff has no control over any budgeting process for his local operation.

5

28. Plaintiff exercises little, if any, discretion in the performance of his duties as an IT support specialist. He has no authority to vary what duties his supervisor assigns him.

29. Plaintiff's supervisor constantly monitors Plaintiff's work throughout the day.

30. Sometime in January 2007, Plaintiff complained to Defendants that owing to the nature of his job responsibilities, he should be classified as a non-exempt employee and be paid overtime hours.

31. His exempt-status misclassification issue was ignored and not addressed by Defendants.

32. During his performance evaluation sometime in May 2008, Plaintiff again mentioned the issue of his having been misclassified as an exempt employee. Defendants arbitrarily determined he had no issue.

33. During said 2008 performance review, Defendants changed Plaintiff's title and gave him the glorified position as an "Electronic Banking Administrator". It was not a promotion, but merely a job classification title change.

34. Sometime in August 2008, Plaintiff communicated to Defendants that he would not be willing to work overtime hours during the weekdays and especially during the week-ends, not unless he gets paid for his overtime hours.

35. Defendants continued to require Plaintiff to perform overtime work, and still not paid him for his overtime hours, as he was allegedly an exempt salaried employee.

6

36. Sometime in April 2009, Plaintiff formally requested his employers to pay him overtime for his week-end work as an IT support specialist. His request was not sufficiently and properly addressed.

37. In May 2009, Plaintiff requested for salary increase and inquired about a promotion. He got no response.

38. On October 15, 2009, Defendant Bank reiterated to Plaintiff about his exempt status, and made it clear to the latter that he was expected to work more than 8 hours a day, without getting paid for those extra hours.

39. Plaintiff continued to assert to Defendants that he was improperly classified as an exempt employee, but his demand to be paid overtime hours just fell on deaf ears.

## FIRST CAUSE OF ACTION

### FLSA, 29 U.S.C. 201 et seq.: Unlawful Failure to Pay Required Overtime

40. Plaintiff repeats and re-alleges each allegation contained in paragraphs 1 through 39 of this Complaint as though fully set forth herein.

41. At all relevant times, the Bank and the PEO have been, and continue to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce" within the meaning of the FLSA, 29 U.S.C. 203. At all relevant times, both the Bank and the PEO have jointly employed and continue to employ "employee[s]", including the Plaintiff.

42. The FLSA requires each covered employer, such as the Bank and the PEO, to compensate all non-exempt employees at a rate of not less than one and one-half

7

times the regular rate of pay for work performed in excess of forty (40) hours in a work week.

43. Plaintiff is entitled to be paid overtime compensation for all overtime hours worked.

44. At all relevant times, the Bank and the PEO, pursuant to their policies and practices, failed and refused to pay overtime premiums to the Plaintiff for his hours worked in excess of forty hour per week.

45. Throughout his employment with Defendants Bank and PEO, at no time did the Plaintiff assume any managerial or supervisory responsibilities, nor did he contribute to the general business operations of the Bank. At no time was Plaintiff granted discretion over matters of significance, in the performance of his duties.

46. Throughout his employment with Defendants Bank and PEO, Plaintiff did not meet the criteria for exemption established in 29 U.S.C. 213.

47. By failing to compensate the Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Bank and the PEO have violated, and continue to violate, the FLSA, 29 U.S.C. 201 et seq.

48. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. 255(a).

49. Plaintiff seeks recovery of his attorney's fees and costs of action to be paid by the Bank and the PEO, as provided by the FLSA, 29 U.S.C. 216(b).

8

50. Plaintiff seeks damages in an amount of his unpaid overtime compensation, liquidated damages as provided by the FLSA, 29 U.S.C. 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CAUSE OF ACTION

### NY Labor Law: Unpaid Overtime Wages

51. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

52. At all times relevant to this action, Plaintiff was an "employee" and Defendants Bank and PEO have been an "employer" within the meaning of the New York Labor Law.

53. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants Bank and PEO.

54. Defendants Bank and PEO have failed to pay Plaintiff his overtime wages to which he was entitled under the New York Labor Law.

55. By Defendants Bank and PEO's failure to pay Plaintiff overtime wages for hours worked in excess of 40 hours per week, they have willfully violated the New York Labor Law Article 19, secs. 650 et seq., and the supporting New York State Department of Labor Regulations, including but not limited to the regulations in 12 N.Y.C.R.R., Part 142.

56. Due to Defendants Bank and PEO's violations of the New York Labor Law, Plaintiff is entitled to recover from the Bank his unpaid overtime wages, reasonable attorney's fees and costs of the action, and pre-judgment and post-judgment interest, as well as liquidated damages.

## THIRD CAUSE OF ACTION

### Retaliation: NY Labor Law 215

57. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

58. Because Plaintiff has asserted his right to be properly paid his overtime hours, Defendants retaliated against Plaintiff by passing him over for promotions to a position Plaintiff would otherwise be qualified to assume.

59. Due to Defendants' retaliatory conduct, Plaintiff is entitled to recover damages, the total amount of which will be determined during trial.

## FOURTH CAUSE OF ACTION

### Intentional Infliction of Emotional Distress

60. Plaintiff hereby repeats, reiterates and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth herein.

61. Sometime in October 2010, Plaintiff had to take time out from work to be with his ill father in the Philippines.

62. While in the Philippines, Plaintiff realized that his father's condition was beyond medical recourse and that he could die anytime at that time. Plaintiff thereafter communicated to Defendant Bank on October 9, 2010 if he could extend his stay in the Philippines to be with his dying father, and work remotely from the Philippines, as Defendant Bank had the technology anyway to allow him to work remotely.

63. Defendant Bank unreasonably rejected Plaintiff's request to be with his father during the latter's dying moments, and required him to be back in New York on October 12, 2010 as originally approved by the Bank.

64. Despite a heavy heart, Plaintiff had to leave back for New York, and left his dying father and the other members of his family in the Philippines.

65. On the day that Plaintiff reported back to work at Defendant Bank, there was not work assignment waiting for him anyway. Worse, he received the news that his father had passed away on that same day.

66. Plaintiff missed being with his father during the latter's dying moments and likewise missed the burial of his father. He could not be with the other members of his family during their time of family grief, as he was unreasonably required to report back to work.

67. Upon information and belief, Defendant Bank acted with malice or retaliatory animus in unreasonably withholding or denying Plaintiff's request for an extended leave to be with his dying father. Defendant Bank acted with intent to cause severe emotional distress to Plaintiff and/or in deliberate disregard of the high probability that severe emotional distress to Plaintiff would result.

68. As a result of Defendant Bank's outrageous conduct and reprehensible behavior, Plaintiff experienced severe depression, anxiety, anger, extreme sadness, great mental strain and anguish, and severe emotional distress. Plaintiff's physical and mental health was likewise adversely affected as a result of Defendant's conduct.

69. By reason of the foregoing, Plaintiff is entitled to damages against Defendant Bank in an amount of not less than One Million Dollars ($1,000,000.00), plus court costs and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant, containing the following relief:

A. A declaratory judgment that the actions, conduct and practices of Defendant complained of herein violate the laws of the United States, the State of New York, and common law;

B. An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C. An award of actual damages for unpaid wages and liquidated damages as provided by FLSA, 29 U.S.C. 216(b) and New York Labor Law Article 19, sec. 650 et seq. and the supporting New York State Department of Labor regulations;

D. An award at least one million dollars under the Fourth Cause of Action;

E. An award of costs that Plaintiff has incurred in this action, as well as Plaintiffs' reasonable attorney's fees and disbursements, to the fullest extent permitted by law, and;

F. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: New York, New York. January 26, 2011.

Yours, etc.

LAW OFFICE OF FELIX Q. VINLUAN

By: _____
Felix Q. Vinluan (FV6788)

450 Seventh Avenue, Suite 931
New York, NY 10123
Tel. No. 212-643-2692
Fax No. 212-643-3494
Email: fqvinluan@yahoo.com

*Attorneys for the Plaintiffs*

13

## VERIFICATION

STATE OF NEW YORK   )
CITY OF NEW YORK    ) S.S.

I, **JOHN PAUL P. BALINGIT**, of legal age and a resident of the state of New York, after having been sworn in accordance with law, hereby state that I am the plaintiff in the within Complaint. I have read the foregoing complaint and know the contents thereof. The contents are true to my knowledge, except as to matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

*JOHN PAUL P. BALINGIT*

Subscribed to before me
on this 26 day of January 2011
in New York, New York

FELIX Q. VINLUAN
Notary Public, State of New York
No. 02VI6129101
Qualified in Nassau County
Commission Expires June 20, 2009 13

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
BALINGIT, JOHN PAUL P.

**DEFENDANTS**
COMMUNITY NATIONAL BANK and PRESTIGE EMPLOYEE ADMINISTRATORS, INC.

(b) County of Residence of First Listed Plaintiff **NASSAU**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant **NASSAU**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Office of Felix Q. Vinluan, 450 Seventh Avenue, Suite 931
New York, NY 10123 - 212-643-2692

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / PERSONAL PROPERTY / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☒ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
**FLSA, 29 U.S.C. 201 et seq.**
Brief description of cause:
Failure to pay overtime

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____ DOCKET NUMBER _____

DATE: 01/26/2011
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE SJF MAG. JUDGE ETB

440

## ARBITRATION CERTIFICATION

I, Felix Q. Vinluan, counsel for John Paul Balingit do hereby certify pursuant to the Local Arbitration Rule 83.10 that to the best of my knowledge and belief the damages recoverable in the above captioned civil action exceed the sum of $150,000 exclusive of interest and costs. Injunctive/d Relief other than monetary damages is sought.

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks:

## RELATED CASE STATEMENT (SECTION VIII)

All cases that are arguably related pursuant to Division of Business Rule 50.3.1 should be listed in Section VIII on the front of this form. Rule 50.3.1 (a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge."

## NY-E DIVISION OF BUSINESS RULE 50.1(d)(2)

1.) Is the civil action being filed in the Eastern District removed from a New York State Court located in Nassau or Suffolk County: NO

2.) If you answered "no" above:

a) Did the events or omissions giving rise to the claim or claims, or a substantial part thereof, occur in Nassau or Suffolk County? YES

b) Did the events of omissions giving rise to the claim or claims, or a substantial part thereof, occur in the Eastern District? YES

If your answer to question 2 (b) is "No," does the defendant (or a majority of the defendants, if there is more than one) reside in Nassau or Suffolk County, or, in an interpleader action, does the claimant (or a majority of the claimants, if there is more than one) reside in Nassau or Suffolk County?

(Note: A corporation shall be considered a resident of the County in which it has the most significant contacts).

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.
Yes ✓  No ☐

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?
Yes ☐ (If yes, please explain)  No ✓

Please provide your E-MAIL address and bar code below. Your bar code consists of the initials of your first and last name and the last four digits of your social security number or any other four digit number registered by the attorney with the Clerk of Court. (This information must be provided pursuant to local rule 11.1(b) of the civil rules).

Attorney Bar Code: FV6788

E-MAIL Address: fqvinluan@yahoo.com

Electronic filing procedures were adopted by the Court in Administrative Order No. 97-12, "In re: Electronic Filing Procedures (ECF)." Electronic filing became mandatory in Administrative Order 2004-08, "In re: Electronic Case Filing." Electronic service of all papers is now routine.

I certify the accuracy of all information provided above.

Signature: _/s/ Vinluan_

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of April, 2011, I caused a true and correct copy of the enclosed **Defendants' Notice of Motion For Partial Dismissal of the Complaint and Affirmation of David S. Greenhaus in Support of Defendants' Motion for Partial Dismissal of the Complaint and Exhibit attached thereto** to be served by depositing a true copy thereof enclosed in a Federal Express paid wrapper, in an official depository under the exclusive care of Federal Express Overnight Service and via email addressed to:

FELIX Q. VINLUAN, ESQ.
LAW OFFICE OF FELIX Q. VINLUAN
ATTORNEYS FOR PLAINTIFF
450 Seventh Ave., Ste. 931
New York, NY 10123
fquinluan@yahoo.com

_____
DAVID S. GREENHAUS, ESQ.

4828-3236-3785, v. 1