UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

JOHN PAUL P. BALINGIT,

                      Plaintiff,

      -against-

COMMUNITY NATIONAL BANK CORP.
and PRESTIGE EMPLOYEE
ADMINISTRATORS, INC.,

                      Defendants.

----------------------------------------------------------------x

Civil Action No.: CV 11-0440

Feuerstein, J.
Boyle, M.J.

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION
## FOR PARTIAL DISMISSAL OF THE COMPLAINT

Respectfully submitted,

JACKSON LEWIS LLP
*ATTORNEYS FOR DEFENDANTS*
58 South Service Road, Ste. 410
Melville, New York  11747
(631) 247-0404

ATTORNEY OF RECORD:
    *DAVID S. GREENHAUS, ESQ.*
    *NOEL P. TRIPP, ESQ.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii - iii

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL AND PROCEDURAL BACKGROUND................................................................. 2

    POINT I

    STANDARD OF REVIEW ................................................................................................ 2

    POINT II

    PLAINTIFF'S CLAIM FOR FOR INTENTIONAL INFLICTION
    OF EMOTIONAL DISTRESS IS NOT PLAUSIBLE............................................................ 3

CONCLUSION............................................................................................................................ 7

# TABLE OF AUTHORITIES

## FEDERAL CASES

                                                                                     **Page(s)**

<u>Ashcroft v. Iqbal</u>,
129 S. Ct. 1937 (2009) ................................................................................. 1, 2, 3

<u>Bell Atlantic Corp. v. Twombly</u>,
550 U.S. 544 (2007) ..................................................................................... 1, 2, 3

<u>Benjamin v. New York City Dep't of Health</u>,
No. 99 Civ. 12345 (LTS)(AJP), 2002 U.S. Dist. LEXIS 5446
(S.D.N.Y. Mar. 29, 2002), *vacated in part on other grounds* by 144 Fed. Appx. 140 (2d
Cir. N.Y. 2005) ............................................................................................. 4, 5

<u>Conboy v. AT&T Corp.</u>,
241 F.3d 242 (2d Cir. 2001) ........................................................................... 4

<u>Curto v. Medical World Commc'ns, Inc.</u>,
388 F. Supp. 2d 101 (E.D.N.Y. 2005) ........................................................... 5

<u>James v. Federal Reserve Bank of New York</u>,
No. 01-CV-1106 (RJD)(VVP), 2005 U.S. Dist. LEXIS 43493 (E.D.N.Y. Aug. 8, 2005) .............. 5

<u>Kirwin v. New York State Office of Mental Health</u>,
665 F. Supp. 2d 1034 (E.D.N.Y. 1987) ......................................................... 6

<u>Lydeatte v. Bronx Overall Economic Development Corp.</u>,
No. 00 Civ. 5433 (GBD), 2001 U.S. Dist. LEXIS 1670 (S.D.N.Y. Feb. 22, 2001) ................ 4

<u>Singh v. U.S. Sec. Associates</u>,
No. 03 Civ. 2059, 2005 U.S. Dist. LEXIS 1407 (S.D.N.Y. Feb. 1, 2005) ...................... 5

<u>Slue, Jr. v. New York University Medical Center</u>,
409 F. Supp. 2d 349 (S.D.N.Y. 2006) ............................................................ 5

<u>Stuto v. Fleishman</u>,
164 F.3d 820 (2d Cir. 1999) ........................................................................... 4

<u>Walter v. New York City Transit Authority</u>,
No. 99 Civ. 3337 (DC), 2001 U.S. Dist. LEXIS 14569 (S.D.N.Y. Sept. 19, 2001) ................ 4

<u>Zucker v. Five Towns College</u>,
No. 09-CV-4884, 2010 U.S. Dist. LEXIS 85441 (E.D.N.Y. Aug. 18, 2010) ........................ 7

## STATE CASES

Epifani v. Johnson,
882 N.Y.S.2d 234 (2nd Dept. 2009) ...........................................................................................5, 6

Howell v. New York Post,
81 N.Y.2d 115 (1993) ......................................................................................................................4

Kaiser v. Van Houten,
12 A.D.3d 1012, 1015 (3d Dep't 2004).........................................................................................4

## FEDERAL STATUTES

FED. R. CIV. P. 12(b)(6) ...............................................................................................................1, 2

## PRELIMINARY STATEMENT

Defendants, Community National Bank[1]/ and Prestige Employee Administrators, Inc., submit this memorandum of law in support of their motion for partial dismissal of the Complaint pursuant to FED. R. CIV. P. 12(b)(6). Specifically, Defendants move to dismiss the Fourth Cause of Action, which asserts a state law tort claim for intentional infliction of emotional distress.

Plaintiff John Paul P. Balingit ("Plaintiff"), a current employee of Community National Bank (the "Bank"), asserts in his Complaint that the Bank denied his request to extend his vacation in the Philippines so he could "be with his dying father", that shortly after he returned to New York his father passed away, and that the Bank's actions were malicious and intended to cause him "severe emotional distress". Defendants vigorously deny each these allegations (specifically, and contrary to what Plaintiff alleges, the Bank was not on notice that Plaintiff's father was ill), but recognize that in the context of a motion to dismiss, the Court must take these allegations as true. Nevertheless, Defendants believe dismissal of this claim is warranted because Plaintiff has failed to demonstrate that his claim for intentional infliction of emotional distress is plausible on its face, or otherwise meets the minimum requirements for an acceptable complaint set forth in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

---

[1]/  Incorrectly sued as Community National Bank Corp.

## FACTUAL AND PROCEDURAL BACKGROUND

For purposes of this motion only, Defendants accept the factual allegations set forth in Plaintiff's Complaint as true. (The Complaint is attached to the accompanying affidavit of David S. Greenhaus as Exhibit A).

The Bank and Prestige Employee Administrators, Inc. ("Prestige") entered into a professional employer agreement whereby Prestige provides human resources functions to the Bank. (Complaint ¶ 15). In October 2010, Plaintiff took time off from work to visit his father in the Philippines. (Complaint ¶ 61). On October 9, 2010, Plaintiff requested that he be allowed to extend his stay in the Philippines, and work remotely, because his father was ill and "could die anytime". (Complaint ¶ 62). The Bank denied Plaintiff's request, and asked that he return to work by October 12, 2010. Plaintiff returned to the United States, learning "on that same day" that his father passed away. (Complaint ¶ 65).

Plaintiff filed this suit on January 28, 2011 alleging, in addition to his claims for intentional infliction of emotional distress, that Defendants failed to properly compensate him pursuant to the Fair Labor Standards Act and the New York State Labor Law. Plaintiff served Prestige with the Complaint on March 22, 2011, and served the Bank with the Complaint on March 25, 2011. Plaintiff presently is employed with the Bank.

## POINT I

## STANDARD OF REVIEW

In analyzing the sufficiency of Plaintiff's Complaint under a motion pursuant to FED. R. CIV. P. 12(b)(6) for his failure to state a claim upon which relief can be granted, this Court must be guided by the Supreme Court's opinions in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), and Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009). These cases govern the pleading standard "in all civil actions and proceedings in the United States District Courts," and apply to

2

the pleading of Plaintiff's intentional infliction of emotional distress claims. <u>Iqbal</u>, 192 S.Ct. at 1953.

To survive a motion to dismiss, a complaint must contain sufficient factual allegations that, accepted as true, "state a claim that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570. To be plausible on its face, a complaint must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 192 S. Ct. at 1949. When considering whether a complaint is plausible on its face, a court first must ferret out and disregard all legal conclusions, labels, formulaic recitations of elements, and conclusory statements. <u>Id</u>. at 1950; <u>Twombly</u>, 550 U.S. at 55. Then, it must determine whether the remaining factual allegations, if taken as true, set forth facts sufficient to allege <u>each</u> element of a claim, and establish a plausible claim for relief. <u>Iqbal</u>, 192 S.Ct. at 1950. Determining whether a complaint contains sufficient facts to state a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. <u>Iqbal</u>, 192 S. Ct. at 1950.

Here, as a review of the allegations will demonstrate, Plaintiff has alleged no set of facts upon which his claim for intentional infliction of emotional distress claim is plausible.

## POINT II

### PLAINTIFF'S CLAIM FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IS NOT PLAUSIBLE

In support of his tort claim for emotional distress, Plaintiff alleges, among other things, that the Bank acted with malice in "unreasonably withholding or denying Plaintiff's request for an extended leave to be with his dying father". (Compl. ¶ 67.) Even if true, Plaintiff's allegations are not enough to state an intentional infliction of emotional distress claim.

To state an intentional infliction of emotional distress claim, a plaintiff must set forth facts showing: (1) extreme and outrageous conduct; (2) intent to cause, or reckless disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between the conduct and the injury; and (4) severe emotional distress. Conboy v. AT&T Corp., 241 F.3d 242, 258 (2d Cir. 2001) (quoting Stuto v. Fleishman, 164 F.3d 820, 827 (2d Cir. 1999)).

The New York State Court of Appeals has stated that "the first element-outrageous conduct-serves the dual function of filtering out petty and trivial… complaints that do not belong in court, and, assuring that the plaintiff's claim of severe emotional distress is genuine." Howell v. New York Post, 81 N.Y.2d 115, 121 (1993). It is the role of the court to determine in the first instance whether the conduct alleged satisfies the high standard of extreme outrageousness necessary to state a claim. Walter v. New York City Transit Auth., No. 99 Civ. 3337 (DC), 2001 U.S. Dist. LEXIS 14569, at *42 (S.D.N.Y. Sept. 19, 2001). The bar is extremely high. The conduct must be so extreme and outrageous that it "transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society." Kaiser v. Van Houten, 12 A.D.3d 1012, 1015 (3d Dep't 2004) (citations omitted).

In employment cases, such as this one, New York courts are "particularly cautious" about allowing claims for intentional infliction of emotional distress to proceed past the pleading stage. Benjamin v. New York City Dep't of Health, No. 99 Civ. 12345 (LTS)(AJP), 2002 U.S. Dist. LEXIS 5446, at *28 (S.D.N.Y. Mar. 29, 2002) (citing Lydeatte v. Bronx Overall Economic Development Corp., No. 00 Civ. 5433 (GBD), 2001 U.S. Dist. LEXIS 1670 (S.D.N.Y. Feb. 22, 2001)), *vacated in part on other grounds* by 144 Fed. Appx. 140 (2d Cir. N.Y. 2005). In fact, it appears as if every case of intentional infliction of emotional distress in the

employment context that has reached the New York State Court of Appeals has failed. See Slue, Jr. v. New York University Medical Center, 409 F.Supp.2d 349 (S.D.N.Y. 2006).

In the few instances in which other New York courts have found complaints sufficient to state a claim for intentional infliction of emotional distress in the employment context, "the claims have been accompanied by allegations of sex discrimination and 'more significant battery'" or improper physical contact. Benjamin 2002 U.S. Dist. LEXIS 5446, at *28-29; see also Curto v. Medical World Commc'ns, Inc., 388 F. Supp.2d 101, 112 (E.D.N.Y. 2005) (same). Courts routinely dismiss claims for intentional infliction of emotional distress where the plaintiff's allegations regarding a supervisors' treatment do not rise to the "outrageous" level required to state a claim. See, e.g., James v. Federal Reserve Bank of New York, No. 01-CV-1106 (RJD)(VVP), 2005 U.S. Dist. LEXIS 43493, at *32 (E.D.N.Y. Aug. 8, 2005) (alleged threats, retaliation, and discrimination did not meet the strict standard of outrageousness required to state a claim for intentional infliction of emotions distress); Benjamin, 2002 U.S. Dist. LEXIS 5446, at *29 (allegations of disparate treatment, humiliation and insults did not meet the threshold level required to sustain a claim for intentional infliction of emotional distress); Singh v. U.S. Sec. Associates, No. 03 Civ. 2059, 2005 U.S. Dist. Lexis 1407 (S.D.N.Y. Feb. 1, 2005)(holding that a plaintiff's "garden-variety dispute" with his former employer may have had a "crushing impact on him and his family" but was insufficient to sustain a severe emotional distress claim).

In Epifani v. Johnson, 882 N.Y.S.2d 234 (2nd Dept. 2009), the plaintiffs were members of the defendant's household staff for a brief period of time. After their employment ceased, the plaintiffs brought a number of claims against the individual defendant, including claims for intentional infliction of emotional distress. The plaintiffs alleged in the Complaint,

*inter alia*, that the defendant: (1) subjected them to "abusive speech"; (2) invaded their privacy; (3) forced them to use a bathroom in the laundry room, where the defendant's dogs ate, and access to which required navigating wet training pads where the dogs urinated; (4) forbade them from speaking with each other during the work day; (5) required them to stand the entire day; (6) would not allow them to wear shoes; (7) would not allow them to take a lunch break; and (8) called them in the middle of the night to demand they return to the defendant's residence to walk her dogs and, on one occasion, told one of the plaintiffs to leave her two-year old daughter in the dog cage while the plaintiff walked the dogs.

The Court found that while the defendant's conduct "was unquestionably objectionable", the plaintiffs did "not allege conduct so outrageous in character, and so extreme in degree, as to state a cause of action to recover damages for intentional infliction of emotional distress." The Court dismissed that cause of action. See also Kirwin v. New York State Office of Mental Health, 665 F.Supp.2d 1034 (E.D.N.Y. 1987)(allegations, among other things, that an employer falsely accused a plaintiff of time abuse, improperly denied her vacation and personal leave time and gave unjustifiably poor evaluations, insufficient for an intentional infliction of emotional distress claim to survive a motion for summary judgment because they were nothing more than "insults, indignities, annoyances and petty oppressions").

The allegations in Epifani were far more "outrageous" than what Plaintiff alleges here, which in essence amounts to nothing more than his disagreement with a decision made by his employer. Plaintiff has alleged only that the Bank required him to return to work on the date it "originally approved". (Complaint ¶ 63). Plaintiff has not even alleged that the Bank (or Prestige) violated an internal policy or otherwise treated him differently than any other employee (much less treated him maliciously). Allowing Plaintiff to proceed with this claim would only

6

open the door to a floodgate of claims by disgruntled employees who disagree with routine personnel decisions effectuated by employers. It is well-established, however, that courts do not sit as "a super-human resources department" to review employers' employment-related decisions Zucker v. Five Towns College, No. 09-CV-4884, 2010 U.S. Dist. Lexis 85441 (E.D.N.Y. Aug. 18, 2010). Plaintiff's claim for intentional infliction of emotional distress is not plausible, and the Court therefore must dismiss Plaintiff's Fourth Cause of Action.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' motion for partial dismissal of the Complaint and dismiss the Fourth Cause of Action, in its entirety and with prejudice.

Dated: Melville, New York
      April 26, 2011

                              Respectfully submitted,

                              JACKSON LEWIS LLP
                              *ATTORNEYS FOR DEFENDANTS*
                              58 South Service Rd., Ste. 410
                              Melville, New York 11747
                              (631) 247-0404

By: _____
        DAVID S. GREENHAUS, ESQ.
        NOEL P. TRIPP, ESQ.

Case 2:11-cv-00440-SJF -ETB   Document 10   Filed 05/18/11   Page 12 of 12 PageID #: 76

## CERTIFICATE OF SERVICE

      I hereby certify that on the 26th day of April, 2011, I caused a true and correct copy of the enclosed **MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL DISMISSAL OF THE COMPLAINT** to be served by depositing a true copy thereof enclosed in a Federal Express paid wrapper, in an official depository under the exclusive care of Federal Express Overnight Service and via email addressed to:

FELIX Q. VINLUAN, ESQ.
LAW OFFICE OF FELIX Q. VINLUAN
ATTORNEYS FOR PLAINTIFF
450 Seventh Ave., Ste. 931
New York, NY 10123
fquinluan@yahoo.com

_____
DAVID S. GREENHAUS, ESQ.

4810-8969-6009, v. 1